Filed 12/22/15  P. v. Morris CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>MICHAEL MORRIS,<br><br>　　　Defendant and Appellant. | B262913<br><br>(Los Angeles County<br>Super. Ct. No. NA089804) |

　　　APPEAL from a judgment of the Superior Court of Los Angeles County, Richard R. Romero, Judge.  Affirmed.

　　　Heather Manolakas, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Noah P. Hill and Scott A. Taryle, Deputy Attorneys General, for Plaintiff and Respondent.

─────────────

Following his resentencing, defendant and appellant Michael Morris appeals the imposition of a three-year great bodily injury enhancement term.  Morris was convicted of assault with a deadly weapon, with a true finding that he personally inflicted great bodily injury on the victim.  We affirmed his conviction in *People v. Morris* (Aug. 20, 2014, B246086) nonpub. opn. [Klein, P. J., Kitching, J. & Aldrich, J.] [hereafter, *Morris I*],[1] but remanded for resentencing.  In this second appeal, Morris contends the trial court should not have imposed the three-year great bodily injury enhancement term when it resentenced him.

The judgment is affirmed.

## BACKGROUND

The following statement of facts is taken from our decision in *Morris I*.

1. *The prosecution's evidence.*

On the night of August 6, 2011, Robert Hall's former girlfriend, Brenda Browning, arrived at Hall's apartment in Torrance.  Browning was acting erratically and Hall concluded that she was drunk.  She demanded money, but Hall refused.  Browning left, but then returned an hour later with defendant Morris, her new boyfriend.  Browning went into Hall's apartment and took some of his belongings.  Meanwhile, Morris attacked Hall with a six-to-eight-inch knife in one hand and a wooden stick in the other.  Morris described the wooden stick as something like either a 2 x 4 or an axe handle.

Morris tried to hit Hall over the head with the stick.  Hall protected his head by throwing up his left arm defensively, but Morris hit him on the arm with the stick, splitting open Hall's skin three to four inches.  Morris also hit Hall several times on the neck and back before Hall lost consciousness.  He fell onto his apartment stoop, landing on one of the flower pots near his front door.  The flower pot shattered and one of the resulting pottery shards lacerated Hall's back.

---

[1]    We take judicial notice of this unpublished opinion.  (Evid. Code, § 452 subd. (d); Cal. Rules of Court, rule 8.1115(b).)

Hall regained consciousness as Morris was dragging him back into the apartment. Keeping Hall in a headlock, Morris ran the knife along Hall's neck. There was blood all over. Hall later discovered that he had sustained cuts all over his body from the knife. At the hospital, a doctor used 66 stitches to close Hall's wounds. At the time of trial, Hall testified he still had marks from where Morris had pressed the knife into his neck, and he showed the jury scars on his arm and back resulting from injuries Morris had caused during the assault.

Neighbors had witnessed Browning and Morris coming to Hall's apartment, and neighbors had heard the sounds of the assault. Two eyewitnesses identified Morris and testified that he had either a large knife or something like a stick in his hand when he arrived.

2. *The defense evidence.*

Morris did not testify. After he was arrested, Morris waived his *Miranda*[2] rights, and spoke to a police officer. He denied having been present in Hall's apartment at the time of the assault, claiming that he had been visiting someone else who lived nearby. Morris said Hall's allegations were untrue and were the result of jealousy because Morris was now Browning's boyfriend.

3. *Procedural history.*

Morris was charged with three counts: (1) robbery, (2) assault with a deadly weapon (knife), and (3) assault with a deadly weapon (wooden stick). (Pen. Code, §§ 211, 245.)[3] The jury acquitted him of the first two charges, but found him guilty of assault with a deadly weapon (wooden stick). The jury also found that Morris inflicted great bodily injury upon Hall. (§ 12022.7.) During Morris's first appeal, he claimed there was insufficient evidence to support the great bodily injury finding. In *Morris I*, this court affirmed the jury's true finding of great bodily injury, but found the trial court had erred by failing either to impose or strike the sentence for this enhancement.

---

[2]     *Miranda v. Arizona* (1966) 384 U.S. 436 [86 S.Ct. 1602].

[3]     All further statutory references are to the Penal Code unless otherwise specified.

In light of the error, we remanded to the trial court for resentencing.  On remand, the trial court declined to strike the great bodily injury enhancement in the interests of justice (§ 1385) and imposed a three-year sentence.  The trial court reasoned:  "I believe the D.A. has the better argument on this.  The jury did find the great bodily injury allegation to be true.  The victim had fresh blood all over him consistent with injuries inflicted by the defendant during the incident for which he was convicted."

## CONTENTIONS

Morris contends:  (1) the trial court abused its discretion by not striking the great bodily injury enhancement finding in the interest of justice under section 1385, and (2) his trial counsel rendered ineffective assistance at the resentencing hearing.

## DISCUSSION

1. *The trial court did not err by imposing a prison sentence for the great bodily injury enhancement finding.*

Morris contends the trial court abused its discretion when it refused to strike the great bodily injury enhancement under section 1385.  As explained below, this claim has no merit.

Pursuant to section 1385, subdivision (a), a judge "may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed."  Pursuant to section 1385, subdivision (c)(1):  "If the court has the authority pursuant to subdivision (a) to strike or dismiss an enhancement, the court may instead strike the additional punishment for that enhancement in the furtherance of justice in compliance with subdivision (a)."  A trial court's decision *not* to strike an enhancement under section 1385 is reviewed under the deferential abuse of discretion standard.  (*People v. Carmony* (2004) 33 Cal.4th. 367, 374-375.)

Morris's contention depends on the purported inconsistency between the jury's decision to acquit him of the assault by knife charge (while convicting him only of assault by wooden stick), and the trial court's reference to evidence of "blood all over" the victim as a reason for denying section 1385 relief.  But as we said in *Morris I*:  "The evidence of Hall's injuries support[s] a claim appellant inflicted great bodily injury on Hall during an

4

assault with a stick.  It is irrelevant to our consideration of the evidence that a portion of his injuries may also have been inflicted by the use of a knife.  Hall testified that appellant assaulted him by use of a knife and the axe handle.  We assume the jury concluded it was overkill in this assault, which arose from a domestic dispute, to convict appellant of both counts of felonious assault, especially as the alleged assaults were really one continuous act of assaulting Hall, and it was apparent Hall did not always tell the truth."  (*People v. Morris*, *supra*, B246086, nonpub. opn. at [p. 26].)  Hence, "for purposes of evaluating substantial evidence supporting the great bodily injury enhancement, it makes no difference whether the injuries were inflicted by knife or stick."  (*Id.* at [p. 28].)

Moreover, even if this court were to indulge Morris's theory that the trial court could not consider any of Hall's knife wounds, the wounds inflicted when Morris beat Hall with the wooden stick (lacerating his arm; knocking him unconscious; causing him to be lacerated on the back by the shattering flower pot) alone constituted great bodily injury. (See *People v. Escobar* (1992) 3 Cal.4th 740, 752 [abrasions, contusions, bruising and swelling may establish great bodily injury]; *People v. Wade* (2012) 204 Cal.App.4th 1142, 1148 [loss of consciousness may qualify as "serious bodily injury"[4]].)

Hence, the trial court did not abuse its discretion by refusing to strike the great bodily injury enhancement in the interests of justice under section 1385.

---

[4]    It is well-established that " 'serious bodily injury,' as used in section 243, is ' "essentially equivalent" ' to ' "great bodily injury," ' as used . . . in the section 12022.7 enhancement for the infliction of such injury on a person during the commission of a felony.  [Citations.]"  (*People v. Wade*, *supra*, 204 Cal.App.4th at pp. 1149-1150.)  Hence, our Supreme Court has said:  "[W]e acknowledge that ' "[s]erious bodily injury" and "great bodily injury" are essentially equivalent elements.' [Citation.]"  (*People v. Burroughs* (1984) 35 Cal.3d 824, 831, disapproved on other grounds in *People v. Blakeley* (2000) 23 Cal.4th 82, 89.)

2. *Morris was not denied effective assistance of counsel at resentencing.*

Morris contends defense counsel rendered constitutionally ineffective representation at the resentencing hearing. There is no merit to this claim.

a. *Legal principles.*

"In assessing claims of ineffective assistance of trial counsel, we consider whether counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and whether the defendant suffered prejudice to a reasonable probability, that is, a probability sufficient to undermine confidence in the outcome. [Citations.] A reviewing court will indulge in a presumption that counsel's performance fell within the wide range of professional competence and that counsel's actions and inactions can be explained as a matter of sound trial strategy. Defendant thus bears the burden of establishing constitutionally inadequate assistance of counsel. [Citations.] If the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged, an appellate claim of ineffective assistance of counsel must be rejected unless counsel was asked for an explanation and failed to provide one, or there simply could be no satisfactory explanation. [Citation.]" (*People v. Carter* (2003) 30 Cal.4th 1166, 1211.)

b. *Discussion.*

Morris contends defense counsel performed incompetently at the resentencing hearing in that: he was not properly acquainted with the pertinent facts; he failed to correct the trial court's misstatement about the great bodily injury evidence; and he did not alert the trial court to mitigating sentencing factors.

The record contradicts Morris's first assertion that defense counsel was unfamiliar with the great bodily injury enhancement issue. Although counsel was not the trial attorney, he did file a new trial motion for Morris that raised insufficiency of the evidence issues, and that specifically juxtaposed Hall's testimony that he had been "cut all over from the knife" with the fact that the jury found Morris not guilty of the assault by knife charge. Further, at the hearing on this new trial motion, counsel argued that the record failed to demonstrate that Hall had suffered injuries attributable to the wooden stick.

6

Contrary to the predicate of Morris's second assertion, the trial court did not misstate the injury evidence. The trial court said: "I believe the D.A. has the better argument on this. The jury did find the great bodily injury allegation to be true. The victim had fresh blood all over him consistent with injuries inflicted by the defendant during the incident for which he was convicted." Morris's argument wrongly assumes that, because he was acquitted of the knife charge, the jury was prohibited from relying on any of the knife injuries to find great bodily injury. As pointed out above, this court has already considered and rejected that argument. Hence, there was no misstatement for defense counsel to correct.

As to Morris's third assertion, he has failed to suggest a single mitigating factor that defense counsel failed to bring up at the resentencing hearing.

For these reasons, we conclude Morris has failed to demonstrate there was any ineffective assistance of counsel.

**DISPOSITION**

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

We concur:

ALDRICH, J.

LAVIN, J.

8